UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DUKUREH,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2876

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner subject to appropriate conditions of supervision. (Pet., ECF No. 1, PageID.7.) In an order entered on October 8, 2026, the Court directed Respondent to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Petitioner filed a "Response in Opposition to Respondents' Response" on October 20, 2026, (Pet'r's Resp., ECF No. 7), and Respondents filed their response on October 22, 2026, (Resp., ECF No. 8).

## II. Factual Background

Petitioner is a native and citizen of The Gambia who entered the United States in 2017. (Pet'r's Resp., ECF No. 7, PageID.16.) On February 6, 2025, Petitioner was arrested by ICE. (*Id.*) On December 19, 2025, Petitioner was ordered removed to The Gambia. (*Id.*) Petitioner's order of removal became administratively final on January 19, 2026, when the appeal period expired and Petitioner did not file a timely appeal. (*Id.*) *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 209-991-248 for the A-Number, select "Gambia" for the Nationality, and select Submit) (last visited Nov. 9, 2026) (indicating that no appeal was received for the case).

> On January 25, 2026, Petitioner refused service of post-order custody review documents. On January 30, 2026, he refused to participate in an identification interview with an official from The Gambian consulate. On February 19, 2026, Petitioner again refused service of post-order custody review documents. Petitioner refused to cooperate with an interview with DHS and The Gambian consulate on March 16, 2026.
>
> On June 1, 2026, Petitioner notified DHS that he was willing to be interviewed by The Gambian consulate. The consulate of The Gambia interviewed Petitioner on June 11, 2026. During the interview, Petitioner confirmed that he was born in The Gambia but claimed that his identification documents are fraudulent and that he is not the person portrayed on the identification documents. "The consulate of The Gambia stated that it will begin an investigation into the citizenship of [Petitioner]. The investigation is ongoing." DHS is continuing to work with The Gambian embassy to obtain travel documents for Petitioner's removal to The Gambia.

Op., *Dukureh v. Raycraft et al.* (*Dukureh I*), No. 1:26-cv-2128 (W.D. Mich. Aug. 12, 2026), (ECF No. 9) (internal citations omitted).

Petitioner filed his first petition for a writ of habeas corpus pursuant to § 2241 on July 22, 2026, in *Dukureh I*. On August 12, 2026, the Court denied Petitioner's § 2241 petition in *Dukureh I* without prejudice, finding that the Respondents were actively working towards effectuating Petitioner's removal and that Petitioner had not been cooperative with the United States government and The Gambian government to effectuate removal. Op., & J., *Dukureh I*, (ECF Nos. 9, 10.)

Petitioner filed his second habeas petition on August 24, 2026, in *Dukureh v. Raycraft* (*Dukureh II*), 1:26-cv-2409 (W.D. Mich.) (ECF No. 1). On October 2, 2026, the Court denied Petitioner's § 2241 petition without prejudice, again finding that the Respondents were actively working towards effectuating Petitioner's removal, and that Petitioner raised the same arguments he raised in *Dukureh I* without showing any material change in the facts or evidence since the Court's decision in *Dukureh I*. Op. & J., *Dukureh II*, (ECF Nos. 10, 11).

On October 7, 2026, Petitioner filed the instant petition for a writ of habeas corpus. (Pet., ECF No. 1.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

In this case, Petitioner raises the same principal arguments that he raised in *Dukureh I* and *Dukureh II*. Petitioner fails to present any material change in the facts or evidence in the five days between the decision in *Dukureh II* and the filing of the instant petition on October 7, 2026. Therefore, based on the record presently before the Court, and for the same reasons set forth in detail in *Dukureh I*, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 10, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge